## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

SIMMS SHOWERS LLP,
    *Plaintiff*,

v.

MICHAEL JONES,
    *Defendant*

Case No. 23-cv-2827-ABA

**MEMORANDUM OPINION ON DEFENDANT'S MOTION FOR SANCTIONS**

As explained in a separate memorandum opinion issued contemporaneous with this one, this Court has federal subject matter jurisdiction over this case, has denied Defendant Michael Jones's motions to dismiss and has granted Plaintiff Simms Showers LLP's motions for leave to amend its complaint.

Mr. Jones has also filed a motion for sanctions. ECF No. 35. That motion is premised on the same arguments in his motion to dismiss, but reframed in terms of Rule 11 of the Federal Rules of Civil Procedure: that when Simms Showers contended that alternative service was justified, that the amount in controversy exceeds $75,000, and that Mr. Jones was a citizen of Nicaragua for diversity jurisdiction purposes, it violated the requirement in Rule 11(b)(3) that "factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3); *see, e.g.*, ECF No. 35 at 3, 7. As the Court has explained in the opinion on the motions to dismiss and to amend, because it has federal question jurisdiction it need not decide whether it would *also* have diversity jurisdiction, and because Mr. Jones agreed to accept service of process, it need not decide whether alternative service was in fact

1

justified. But there remains the question, raised by Mr. Jones's motion for sanctions, whether assertions made by Simms Showers in connection with the motion for alternative service, and in support of diversity jurisdiction, violated Rule 11.

With respect to Simms Showers' allegation that Mr. Jones "is a resident and citizen of Nicaragua," ECF No. 1 ¶ 3, there was clearly "evidentiary support," *see* Fed. R. Civ. P. 11(b)(3), for that factual allegation. Indeed, Mr. Jones himself represented, in filing the Circuit Court case, that he was "residing in San Juan del Sur, Rivas, Nicaragua." ECF No. 32-6 ¶ 52. And although Mr. Jones contends that his residency there did not render him a "citizen" of Nicaragua within the meaning of 28 U.S.C. § 1332, and "[t]he Supreme Court has interpreted this statutory list to exclude United States citizens who are domiciled abroad," *Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 635 (4th Cir. 2021) (citing *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828–29 (1989)), that does not render Simms Showers' position that diversity jurisdiction existed so unsupported as to give rise to a Rule 11 concern. "[J]udicially created rules have attempted to assure that every person has a legal domicile for subject matter jurisdiction purposes," and "[a] party's own declarations concerning the identity of his domicile, particularly with regard to an intent to retain or establish one, as is true of any self-serving statement, are subject to judicial skepticism." *The Requirement and Meaning of Citizenship—Determination of a Person's Domicile*, 13E Fed. Prac. & Proc. Juris. § 3612 (3d ed.).

With respect to the amount in controversy, as Simms Showers puts it, although settlement demands can constitute evidence of the amount in controversy, "settlement demands themselves do not *establish* the amount in controversy." ECF No. 38 at 2 & n.5 (citing *Qureshi v. Six Flags Am. LP*, 757 F. Supp. 3d 629 (D. Md. 2024)) (emphasis

added). And when Simms Showers proposed to jointly stipulate that the amount in controversy was less than the $75,000 threshold, Mr. Jones apparently refused. ECF No. 33-2 at 3; ECF No. 36-1. If a plaintiff declines to stipulate "that he is not seeking and will neither demand nor accept any recovery in excess of $75,000 exclusive of costs and interest"—at least when considered alongside other evidence of the amount in controversy—"the inference arises that he thinks his claim may be worth more." *Workman v. United Parcel Serv., Inc.*, 234 F.3d 998, 1000 (7th Cir. 2000); *see also, e.g.*, *Rhythm of Life Corp. v. Hartford Fin. Servs. Grp. Inc.*, 522 F. Supp. 3d 4, 8 (S.D.N.Y. 2021) (along with other evidence that the amount of controversy exceeded $75,000, considering that plaintiffs "declined an invitation to stipulate the value of their underlying claim below the jurisdictional threshold"). Here, Mr. Jones had demanded $100,000. With Mr. Jones having refused to stipulate that the lower proposed settlement amount constituted the amount in controversy, there was an adequate factual and legal basis for Simms Showers to take the position that the amount in controversy exceeded $75,000.

The last category of representations raises a closer question. In updating the Court regarding service of process, and seeking leave to use alternative service, Simms Showers represented to this Court that it was encountering "difficulties in obtaining service" due to "Defendant's residence in a foreign country," ECF No. 12 ¶ 2; ECF No. 13 ¶ 2; that it "ha[d] been unable to personally serve the Defendant due to his alleged residence in Nicaragua," ECF No. 17 ¶ 2; and that it was "unable to obtain personal service" on Mr. Jones, ECF No. 19 ¶ 3. In response to the motion for sanctions, Simms Showers (through the outside counsel that has been representing it throughout this case) does not contend that it had taken any steps to serve Mr. Jones at the time it filed

3

those status reports and motions. Instead it asserts, "[t]he various responses filed by the Plaintiff to the Court's inquires [sic] regarding service stated no more than it can be difficult to serve defendants generally residing in foreign countries and that Jones in past litigation had been difficult to serve (in addition to requesting that the Court address the matter by resolving the discrepancy between Federal Rule of Civil Procedure 4(m) and Local Rule 103.8.a)." ECF No. 38 at 3. Yes, Simms Showers' first status report referred to "difficulties with serving him in the past." ECF No. 8 ¶ 7. And in context, others arguably convey that Simms Showers anticipated that service *would* be "difficult[]" due to "Defendant's residence in a foreign country." *E.g.*, ECF No. 12 ¶ 2. But in Simms Showers' filings on May 21 and July 22, 2024, it expressly asserted, "[t]he Plaintiff has been unable to personally serve the Defendant due to his alleged residence in Nicaragua," ECF No. 15 ¶ 2 & ECF No. 17 ¶ 2, a point the firm reiterated in its motion for alternative service. ECF No. 19 ¶ 3 ("Plaintiff has been unable to obtain personal service."). Those are factual assertions that at least strongly imply that Simms Showers had attempted to effectuate service of process on Mr. Jones in Nicaragua but had been stymied in those attempts. And it is unclear whether that had occurred.

      Nonetheless, Defendant has not shown that those questions should give rise to sanctions. Mr. Jones has not shown that Simms Showers did *not* take any steps to attempt to serve him in Nicaragua. But also, he has not shown that he was prejudiced in any way. As set forth in the advisory committee notes to Rule 11 (the 1993 notes), courts considering motions for sanctions should consider, among any other relevant factors,

> Whether the improper conduct was willful, or negligent; whether it was part of a pattern of activity, or an isolated event; whether it infected the entire pleading, or only one particular count or defense; whether the person has engaged

4

>   in similar conduct in other litigation; whether it was intended to injure; what effect it had on the litigation process in time or expense; whether the responsible person is trained in the law; what amount, given the financial resources of the responsible person, is needed to deter that person from repetition in the same case; what amount is needed to deter similar activity by other litigants: all of these may in a particular case be proper considerations.

Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment. And "Rule 11 motions should not be made or threatened for minor, inconsequential violations" of the rule. *Id.* Here, after Mr. Jones filed the complaint in Circuit Court, he emailed Simms Showers and stated, in relevant part, "I would like to confirm that email service and correspondence is acceptable for all active cases between us, *including the case you filed against me in District Court*." ECF No. 26-2 (emphasis added). He reiterated, "[g]iven my current residence in San Juan del Sur, Nicaragua, where there is no reliable mail service, I am approving email service and correspondence for both cases." *Id.* Particularly in light of his consent to receive service by email, none of the factors in the advisory committee's note suggest that the concerns Mr. Jones has raised about Simms Showers' representations in its status updates or its motion for alternative service justify sanctions.

Finally, Mr. Jones also alleges that sanctions are in order because he has "serious spoliation concerns." ECF No. 35 at 5. His argument seems to be that he served a preservation notice on Simms Showers but it has not "confirmed that it is honoring its standard litigation-hold obligations." *Id.* at 6. But he has not identified any basis to believe Simms Showers is not complying with its preservation obligations.

For these reasons, the motion for sanctions (ECF No. 35) will be denied. A separate order follows.

Date:  September 24, 2025                             /s/
                                    Adam B. Abelson
                                    United States District Judge