# Before the
# UNITED STATES
# DISTRICT COURT FOR THE DISTRICT OF MARYLAND

_____

*SIMMS SHOWERS LLP,*                )

    Plaintiff,                            )

*v.*                                             )        **Case No.:** 1:23-cv-02827

                                                        )        **The Honorable Adam B. Abelson**

*MICHAEL JONES,*                    )

    Defendant.                         )

_____

**Date:** December 15, 2025

## EXHIBIT A

## DEFENDANT'S SURREPLY IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

### I. A SUR-REPLY IS REQUIRED BECAUSE PLAINTIFF'S REPLY INTRODUCES NEW DOCTRINE, NEW EVIDENCE, AND A REWRITTEN FACTUAL RECORD

Plaintiff's Reply does not merely respond to Defendant's opposition; it materially alters the summary-judgment landscape by introducing new legal doctrine, new evidence, and new factual characterizations and mischaracterizations that were not presented in Plaintiff's opening Motion for Summary Judgment. Under settled District of Maryland practice, a sur-reply is warranted where a reply brief expands the scope of the motion in this manner, in order to prevent unfair prejudice and to ensure that summary judgment is decided on a properly tested and complete record.

First, Plaintiff introduces judicial estoppel for the first time in reply. That doctrine was not pleaded, argued, or developed in Plaintiff's Motion for Summary Judgment. Judicial estoppel is an extraordinary equitable doctrine with specific elements, including judicial adoption of a prior

factual position. Its avoiding use to foreclose factual disputes at summary judgment cannot be raised for the first time in reply.

Second, Plaintiff submits a new affidavit (ECF 59-1) that did not accompany the Motion for Summary Judgment. That affidavit purports to resolve disputed facts, negate the need for discovery under Rule 56(d), and recast Defendant's claims by assuming factual predicates that remain contested. These functions are procedurally improper when introduced for the first time in reply and without affording Defendant any opportunity for discovery or rebuttal.

Third, Plaintiff's Reply advances a reconstructed factual narrative based on selective quotations from superseded filings and incomplete record excerpts, including truncated communications previously identified by Defendant. The Reply thus attempts to transform litigation framing from a prior procedural posture into binding factual admissions while simultaneously relying on a curated record to claim the absence of genuine disputes.

A reply brief may not serve as a second opening motion. Because Plaintiff's Reply injects new doctrine, new evidence, and expanded, and disputed, assertions, Defendant respectfully submits this Sur-Reply to address those matters, test the assumptions underlying Plaintiff's new submissions, and restore procedural fairness.

## II. PLAINTIFF'S NEW JUDICIAL-ESTOPPEL THEORY FAILS AS A MATTER OF LAW

Plaintiff's summary-judgment effort now hinges on a single proposition: that Defendant is judicially estopped from disputing Plaintiff's preferred factual framing based on statements in an earlier Rule 12 filing. That argument fails at every required step of the doctrine and cannot support summary judgment.

### A. Judicial Estoppel Cannot Be Based on a Superseded Rule 12 Filing

Plaintiff relies primarily on language from Defendant's Rule 12 briefing directed at a prior version of the complaint. That reliance is legally untenable.

When a complaint is amended, the prior pleading, and any briefing directed to it, becomes moot. The operative pleading is the amended complaint, not its predecessor. A superseded filing cannot be converted into a binding factual admission for purposes of judicial estoppel, and courts in this Circuit have repeatedly held that statements tied to superseded pleadings do not carry forward as factual concessions.

Here, Plaintiff amended its complaint twice with leave of Court, and the Second Amended Complaint became the operative pleading before Plaintiff filed its Motion for Summary Judgment. The Rule 12 briefing on which Plaintiff now relies was filed in late September 2024, well before those amendments and well before the summary judgment motion. By amending its complaint, Plaintiff extinguished the Rule 12 posture it now seeks to resurrect.

Judicial estoppel cannot be constructed from arguments directed at a complaint that no longer exists.

## B. Judicial Estoppel Requires Judicial Adoption of a Factual Position—Which Is Absent Here

Judicial estoppel requires more than a litigant's prior litigation framing. It requires that a court adopt a prior factual position such that acceptance of a later inconsistent position would create the perception that the court was misled.

Plaintiff identifies no order, state or federal, in which any court adopted the factual position Plaintiff now attributes to Defendant. To the contrary, this Court's prior Memorandum Opinion carefully distinguished jurisdictional assumptions made at the Rule 12 stage from factual determinations and expressly declined to apply judicial estoppel based on litigation framing rather than judicial adoption.

Absent judicial acceptance of a prior factual position, judicial estoppel does not apply as a matter of law. Plaintiff's attempt to repurpose advocacy language into binding fact therefore fails on this element alone.

## C. There Is No Inconsistency Between Defendant's Prior Litigation Framing and Defendant's Current Position

Even if Plaintiff could identify a prior judicially adopted position *(it cannot)*, judicial estoppel still would not apply because Defendant has not taken inconsistent positions.

Defendant's prior filings described the adversary proceeding as the procedural context in which the alleged misconduct occurred. That description does not constitute an admission that bankruptcy law provides the exclusive source of duty or remedy, that state-law tort duties are displaced, or that post-termination injuries cannot accrue. Identifying the forum in which conduct occurred is not equivalent to conceding the legal source of duty, the timing of accrual, or the availability of state-law remedies.

Plaintiff's estoppel theory improperly collapses venue, jurisdiction, and remedy into a single concept. That collapse is legally incorrect and cannot support judicial estoppel.

## D. Judicial Estoppel Cannot Be Used as a Substitute for Evidence at Summary Judgment

Finally, Plaintiff's reliance on judicial estoppel reveals a deeper defect: Plaintiff lacks admissible evidence establishing the absence of genuine disputes of material fact. Judicial estoppel is not a discovery-avoidance mechanism and cannot be used to manufacture "undisputed facts" where evidence is lacking.

**Simms Showers Llp *v.* Jones, No. 1:23-Cv-02827 (D. Md.) — Defendant's Surreply In Opp Plaintiff's MSJ**

Summary judgment must be decided on evidence, not on retrofitted characterizations or mischaracterizations of prior briefing. Plaintiff's attempt to short-circuit Rule 56 through estoppel is legally improper and should be rejected.

### III. PLAINTIFF'S AFFIDAVIT IS NOT COMPETENT RULE 56 EVIDENCE AND CANNOT SUPPORT SUMMARY JUDGMENT

Plaintiff's Reply relies heavily on a newly submitted affidavit (ECF 59-1) to supply facts missing from the opening Motion for Summary Judgment and to preempt Defendant's Rule 56(d) request. That effort fails because the affidavit does not satisfy the requirements of Rule 56(c)(4) and cannot be used to manufacture "undisputed facts" at the reply stage.

### A. Rule 56(c)(4) Requires Admissible, Fact-Based Testimony—Not Advocacy

Rule 56(c)(4) permits affidavit testimony only if it:

**(1)** is made on personal knowledge;
**(2)** sets out facts that would be admissible in evidence; and
**(3)** shows that the affiant is competent to testify to those facts.

Plaintiff's affidavit does not meet these standards. Rather than offering concrete, admissible facts, it is dominated by legal conclusions, characterizations of litigation positions, and speculative assertions about Defendant's claims and intent. Statements purporting to declare what Defendant's claims "are," what remedies are "available," or what conduct is "exclusively" governed by bankruptcy law are not facts, they are legal arguments dressed in sworn form.

From my research, courts consistently disregard affidavits that attempt to substitute legal conclusions or advocacy for admissible evidence at summary judgment.

### B. The Affidavit Lacks Personal Knowledge of Material Disputed Issues

Even if portions of the affidavit purport to describe events within the affiant's awareness, the affidavit does not, and cannot establish personal knowledge of the material disputed issues that control summary judgment here, including:

- Defendant's intent and motive;

- The accrual and timing of tort injuries;

- The existence and scope of post-termination harm;

- Whether non-litigation conduct occurred outside formal pleadings;

- The completeness of the documentary record relied upon by Plaintiff.

An affiant cannot negate factual disputes merely by asserting that certain facts "do not exist," particularly where discovery has not occurred and the relevant information is not exclusively within the affiant's personal knowledge.

### C. The Affidavit Improperly Attempts to Cure Defects in Plaintiff's Opening Motion

Plaintiff's submission of the affidavit in reply is itself revealing. Summary judgment evidence must be presented in the opening motion, not held back and introduced only after the nonmovant invokes Rule 56(d).

Reply affidavits that attempt to fill evidentiary gaps or to rebut discovery requests are routinely disfavored because they deprive the nonmovant of a fair opportunity to test the evidence through discovery or rebuttal. Plaintiff's affidavit is precisely such a post-hoc "cure," offered only after Defendant identified the absence of an evidentiary record.

Rule 56 does not permit a movant to build its factual case in installments.

### D. The Affidavit Cannot Defeat Rule 56(d)

Plaintiff also uses the affidavit to argue that discovery would be futile because no additional facts exist. That contention misstates Rule 56(d).

Rule 56(d) does not require the nonmovant to already possess evidence; it applies precisely where facts essential to opposition are unavailable without discovery. A movant cannot defeat Rule 56(d) by submitting an affidavit asserting that discovery will not help. If that were sufficient, Rule 56(d) would be nullified.

Because the affidavit does not establish the absence of discoverable facts, and because it is offered in reply, it cannot preclude Rule 56(d) relief.

### E. Without the Affidavit, Plaintiff Has No Evidence Supporting Summary Judgment

Stripped of the affidavit, Plaintiff's Reply rests on legal argument and selective excerpts from prior filings, not on admissible evidence establishing the absence of genuine disputes of material fact. Summary judgment cannot be granted on that basis.

Accordingly, Plaintiff's affidavit should be disregarded for purposes of Rule 56, and Plaintiff's Motion for Summary Judgment must be denied or deferred.

### IV. RULE 56(d) INDEPENDENTLY BARS SUMMARY JUDGMENT BECAUSE DISCOVERY HAS BEEN PROHIBITED AND MATERIAL FACTS REMAIN UNDEVELOPED

Even if the Court were to set aside Plaintiff's newly raised estoppel theory and its inadmissible affidavit, summary judgment remains improper for a separate and independent reason:

Defendant has not had a fair opportunity to conduct discovery on facts essential to oppose Plaintiff's motion. Rule 56(d) therefore requires denial or deferral of summary judgment.

Rule 56(d) bars summary judgment where, as here, discovery has not occurred and material facts remain exclusively within Plaintiff's control. Defendant has identified specific, non-speculative facts necessary to oppose Plaintiff's motion, including the intent, scope, and effects of Plaintiff's conduct, all of which cannot be resolved on the present record without discovery.

Even where federal defenses or regulatory schemes are implicated, summary judgment is improper where the factual scope, purpose, and downstream effects of the challenged conduct remain disputed and undeveloped.

## A. Discovery Has Been Affirmatively Prohibited

This case has proceeded to summary-judgment briefing without discovery. Defendant has not had the opportunity to obtain documents, or test Plaintiff's factual assertions. The absence of discovery is not attributable to the Defendant; it is the result of the procedural posture and Court orders that prevented factual development.

Where discovery has been restricted or unavailable, the Fourth Circuit consistently holds that summary judgment is disfavored and that Rule 56(d) relief is appropriate. Summary judgment is not a vehicle to decide disputed facts on an undeveloped record.

## B. Plaintiff's Reply Confirms the Existence of Material Factual Disputes

Plaintiff's Reply highlights, rather than resolves, the need for discovery. By introducing a new affidavit and reframing factual assertions in reply, Plaintiff implicitly concedes that the factual record is incomplete.

Material factual issues requiring discovery include, at minimum:

- The timing and accrual of Defendant's tort injuries, including post-termination harm;
- Plaintiff's intent and motive, including whether conduct was undertaken for an improper or collateral purpose;
- The existence and scope of communications and actions outside formal pleadings;
- The completeness and context of the documentary record Plaintiff relies upon;
- The causal relationship between Plaintiff's conduct and Defendant's alleged damages.

These are classic fact-intensive issues that cannot be resolved as a matter of law without discovery.

### C. Rule 56(d) Does Not Require Defendant to Prove the Merits Without Discovery

Plaintiff argues that Rule 56(d) should be denied because Defendant purportedly seeks to "discover new claims" or because Plaintiff believes discovery will not change the outcome. That argument misstates the rule.

Rule 56(d) exists precisely to prevent summary judgment where the nonmovant cannot yet access facts essential to justify opposition. It does not require the nonmovant to already possess evidence, nor does it permit the movant to defeat discovery by asserting that no helpful facts exist.

If a movant could avoid discovery by affidavit or by argument alone, Rule 56(d) would be rendered meaningless.

### D. Plaintiff Bears the Burden of Demonstrating the Absence of Genuine Disputes

At summary judgment, the burden rests with the movant to demonstrate the absence of genuine disputes of material fact. Plaintiff cannot satisfy that burden where:

- discovery has not occurred;
- the record consists primarily of legal argument and curated excerpts; and
- material factual issues depend on intent, context, and causation.

The Court need not, and should not, resolve credibility, intent, or inference disputes at this stage.

### E. Summary Judgment Must Be Denied or Deferred

Because Defendant has identified specific categories of discoverable facts essential to opposing Plaintiff's motion, and because discovery has not occurred, Rule 56(d) independently requires denial or deferral of summary judgment.

The Court may deny Plaintiff's Motion for Summary Judgment outright or defer consideration pending appropriate discovery. Either course is consistent with Rule 56 and Fourth Circuit precedent and avoids premature adjudication on an incomplete record.

### V. PLAINTIFF'S PREEMPTION THEORY FAILS AS A MATTER OF LAW BECAUSE PREEMPTION TURNS ON THE SOURCE OF THE DUTY, NOT THE VENUE OF THE CONDUCT

Even if the Court were inclined to reach Plaintiff's preemption arguments, which it need not do at this stage, summary judgment would still be improper. Plaintiff's theory rests on a fundamental

**Simms Showers Llp *v.* Jones, No. 1:23-Cv-02827 (D. Md.) — Defendant's Surreply In Opp Plaintiff's MSJ**

legal error: the assumption that conduct occurring in or related to a bankruptcy proceeding is necessarily governed exclusively by federal law. That is not the law of this Circuit.

## A. Guthrie Controls: Preemption Turns on the Source of the Duty

In *Guthrie v. PHH Mortgage Corp.*, the Fourth Circuit made clear that preemption analysis turns on the source of the duty allegedly breached, not the procedural context in which the conduct occurred. Where the duty arises under state law and exists independently of federal law, preemption does not apply, even if the conduct occurred in a federal forum or alongside federal proceedings.

Here, the duties underlying Defendant's claims, malicious prosecution, abuse of process, and intentional infliction of emotional distress, are creatures of Maryland tort law. They are not created by the Bankruptcy Code, do not depend on bankruptcy rights for their existence, and apply equally in state and federal courts.

Plaintiff's attempt to reframe these duties as exclusively federal merely because the alleged misconduct occurred during an adversary proceeding is incompatible with Guthrie's source-of-duty rule.

To the extent Plaintiff disputes how the alleged conduct occurred, its purpose, timing, or effects, including post-termination harms, those disputes present factual questions that cannot be resolved on summary judgment without discovery.

## B. Rule 9011 and Bankruptcy Remedies Are Not Exclusive Substitutes for State Tort Claims

Plaintiff further contends that bankruptcy procedures, including Rule 9011 and related sanctions mechanisms, supply the exclusive remedies for the alleged conduct. That contention fails as a matter of law.

First, Rule 9011 is a case-policing mechanism, not a comprehensive tort substitute. Its purpose is to regulate filings and conduct during a pending bankruptcy case; it does not adjudicate or displace independent state-law duties governing malicious prosecution, abuse of process, or intentional infliction of emotional distress, nor does it provide a vehicle for full compensation of reputational, emotional, or consequential harms.

Second, the availability of Rule 9011 during an adversary proceeding does not preclude state tort claims that, by their nature, do not accrue until after the proceeding terminates. Claims such as malicious prosecution and abuse of process require favorable termination and post-termination injury. A litigant cannot be required to pursue in-case sanctions mechanisms to redress harms that are temporally incapable of being asserted or fully remedied while the proceeding remains pending.

Third, neither the Bankruptcy Code nor Rule 9011 creates a private cause of action equivalent to the compensatory relief sought under state tort law. The absence of a comprehensive federal damages remedy for post-termination reputational, emotional, and consequential harm forecloses any claim that bankruptcy sanctions operate as exclusive or preemptive substitutes.

Accordingly, the existence or prior availability of bankruptcy sanctions does not bar state-law tort claims arising from independent duties and later-accruing injuries.

## C. Venue Does Not Convert State Duties into Federal Duties

Plaintiff's argument ultimately collapses venue into substance. Under Plaintiff's logic, the same conduct would be actionable under state law if it occurred in state court, but immunized if it occurred in bankruptcy court. That rule finds no support in the Bankruptcy Code, the Fourth Circuit, or Supreme Court precedent.

Federal courts do not become "immunity zones" for state-law torts simply because litigation occurs in a federal forum. Preemption requires clear congressional intent, and Plaintiff identifies none.

## D. Federal Defenses Do Not Create Federal Jurisdiction or Mandate Preemption

Relatedly, Plaintiff's reliance on federal defenses, such as Rule 9011 or bankruptcy policy, does not transform Defendant's state-law claims into federal claims. Under the well-pleaded complaint rule, federal defenses do not create federal-question jurisdiction, nor do they mandate complete preemption.

At most, Plaintiff asserts ordinary preemption as a merits defense. Ordinary preemption does not authorize summary judgment on an undeveloped record and does not divest state-law claims of their independent existence.

## E. The Court Need Not Decide Preemption to Deny Summary Judgment

Finally, and most importantly, the Court need not resolve preemption at this stage. Because factual disputes remain and discovery has not occurred, summary judgment can and should be denied under Rule 56(d) alone.

This section exists only as a doctrinal backstop: even if the Court were inclined to address Plaintiff's preemption theory, it would fail under controlling law.

## VI. PLAINTIFF'S SELECTIVE RECORD PRESENTATION AND UNRESOLVED SERVICE DEFECTS FURTHER CONFIRM THAT SUMMARY JUDGMENT IS IMPROPER

Plaintiff's Reply rests on a curated and incomplete record, reinforcing why summary judgment cannot be granted at this stage and why discovery is necessary to test Plaintiff's assertions.

**Simms Showers Llp *v.* Jones, No. 1:23-Cv-02827 (D. Md.) — Defendant's Surreply In Opp Plaintiff's MSJ**

### A. Plaintiff Relies on Selective and Incomplete Record Excerpts

Plaintiff's Reply selectively quotes from prior filings and communications to manufacture the appearance of undisputed facts, while omitting material context. For example, Plaintiff relies on only a portion of a September 6, 2024 email exchange previously identified by Defendant, excluding subsequent communications that directly undermine Plaintiff's narrative.

This selective presentation is not incidental. It illustrates why credibility, context, and completeness matter, and why Rule 56 does not permit summary judgment based on a curated record assembled through omission. Where material facts depend on context and intent, selective excerpts cannot substitute for admissible evidence tested through discovery.

### B. Plaintiff's Reply Continues to Obscure Preserved Service and Jurisdictional Defects

Plaintiff's Reply also continues to gloss over unresolved service defects that remain preserved. Defendant has consistently objected to Plaintiff's reliance on "postal channels" for service in Nicaragua, notwithstanding Nicaragua's objection under the Hague Convention. Plaintiff further relies on an order permitting that method without addressing the Rule 4 prerequisites or Defendant's preserved objections.

These issues are not raised here for adjudication on summary judgment. They are raised to highlight that Plaintiff's factual narrative depends on unresolved procedural assumptions and that Defendant's participation has been protective, not a waiver of jurisdictional or service objections.

### C. These Issues Independently Counsel Against Summary Judgment on the Current Record

Taken together, Plaintiff's selective record use and unresolved procedural defects further demonstrate why this case is ill-suited for summary judgment at this juncture. Summary judgment requires a complete and reliable record, not one assembled through intentional omission, blocked discovery, selective production of email threads, inference, and untested assumptions.

### CONCLUSION

Plaintiff's Reply improperly injects new doctrine and new evidence, relies on an inadmissible affidavit, and attempts to convert superseded litigation framing into binding fact. On this record, Plaintiff has not met, and cannot meet, its burden to demonstrate the absence of genuine disputes of material fact.

Independently, discovery has not occurred, material facts remain undeveloped, and Rule 56(d) bars summary judgment at this stage. Plaintiff expanded the scope of its motion in reply by introducing new evidentiary material and new factual characterizations, while Defendant has

submitted a sworn declaration identifying specific, material facts unavailable without discovery, including the completeness of relied-upon communications, the intent and scope of Plaintiff's litigation conduct, and post-termination effects not adjudicated in prior proceedings. Defendant's showing does not rely on speculation or unproven causation and is properly confined to personal knowledge and informational asymmetry.

Accordingly, the Court need not reach Plaintiff's preemption or estoppel arguments to resolve the motion. Summary judgment is premature, and the Court should deny Plaintiff's Motion for Summary Judgment, or in the alternative, defer consideration and permit appropriate discovery pursuant to Rule 56(d).

Sincerely,

*[signature]*

**Michael Jones**
1B RT 72, 100 Yards North from the Space
San Juan del Sur, Rivas, Nicaragua 48600
Phone: (443) 280-9915
Date: December 15, 2025