### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

SIMMS SHOWERS LLP,

    *Plaintiff,*

  v.

MICHAEL JONES,

    *Defendant.*

Case No. 23-cv-2827-ABA

### MEMORANDUM OPINION

This case arises out of attempts by Defendant Michael Jones to assert claims against Plaintiff Simms Showers LLP in Maryland state court related to conduct by the parties during an adversary proceeding in the U.S. Bankruptcy Court for the District of Maryland. The full procedural history is laid out in this Court's two memorandum opinions issued on September 24, 2025, and will not be rehashed here. ECF No. 41 (addressing motions to dismiss); ECF No. 42 (addressing motion for sanctions); ECF No. 43 (corresponding order). The Court, among other things, held that it has federal subject matter jurisdiction under the complete preemption doctrine. Since then, Simms Showers has filed a motion for summary judgment (ECF No. 48), and Mr. Jones has opposed that motion (ECF No. 56) and also filed a Rule 56(d) motion requesting discovery prior to a ruling on the summary judgment motion (ECF No. 54). Mr. Jones also filed a motion for leave to file a surreply (ECF No. 61), which will be granted, and the Court has already considered the proposed surreply (ECF No. 61-1).

In explaining the basis for federal subject matter jurisdiction over Mr. Jones's claims against Simms Showers, and over Simms Showers's request for a declaratory judgment with respect to those claims, this Court explained that "because Mr. Jones's

1

Circuit Court claims fall squarely within the exclusive federal court authority to sanction attorneys for violations of Rule 9011 of the Federal Rules of Bankruptcy Procedure, Mr. Jones's claims are completely preempted by Rule 9011 such that this Court has subject matter jurisdiction over them." ECF No. 41 at 24; *Simms Showers LLP v. Jones*, Case No. 23-CV-2827-ABA, 2025 WL 2720186, at *10 (D. Md. Sept. 24, 2025). That was a jurisdictional ruling; "complete preemption" is a jurisdictional doctrine—closely related to field preemption, but analytically distinct. *See* 2025 WL 2720186, at *7 & n.4. The Court left open whether the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure in fact preempted Mr. Jones's claims in a substantive merits sense, not just as a basis for establishing federal subject matter jurisdiction.

Simms Showers now requests entry of judgment in its favor. For very similar reasons to those upon which the Court concluded that the complete preemption doctrine established federal-question subject matter jurisdiction, Simms Showers is entitled to summary judgment on its claims for a declaratory judgment and injunctive relief.

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A moving party meets its burden when the nonmovant "fails to make a showing sufficient to establish the existence of an element essential to that party's case" and when the nonmovant bears "the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If the non-moving party fails to confront the motion with "sufficient evidence . . . for a jury to return a verdict for that party," the movant is entitled to summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Celotex*, 477 U.S. at 323 ("[A] complete failure of proof concerning an essential

element of the nonmoving party's case necessarily renders all other facts immaterial.");

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)

("When the moving party has carried its burden under Rule 56(c), its opponent must do

more than simply show that there is some metaphysical doubt as to the material facts.").

In making this determination, the Court views all facts, and all reasonable inferences

drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita*,

475 U.S. at 587–88.

The question presented by Simms Showers's motion for summary judgment is a

pure question of law. As the Court previously explained, Simms Showers represented

Bluebell Business Limited ("Bluebell") in this Court beginning in October 2018, in a

proceeding to enforce a default judgment entered by the High Court of Justice, Queen's

Bench Division, as well as an adversary proceeding against Mr. Jones in his then-

pending bankruptcy case. 2025 WL 2720186, at *1–2. During those proceedings, Mr.

Jones accused Simms Showers of, among other things, violating the bankruptcy stay

and pursuing "unfounded claims." *Id.* at *3. The bankruptcy judge, following a trial,

granted Mr. Jones a discharge. *Id.* at *2. The bankruptcy judge also disposed of the

requests for sanctions that each side had lodged against the other. *Id.* at *2, *9.

In September 2023, Mr. Jones sent a demand letter to Simms Showers

threatening to sue the firm for having filed the adversary complaint on behalf of

Bluebell. *See id.* at *3. That demand letter is what prompted Simms Showers to file this

federal case, seeking a declaratory judgment that the threatened claims "were properly

the subject of the bankruptcy estate, and that having received a discharge, cannot be

asserted in any forum." ECF No. 1 at 4. Mr. Jones then filed the threatened lawsuit, in

the Circuit Court for Baltimore County, after which Simms Showers amended its

complaint. The Second Amended Complaint sought a declaratory judgment "that the claims asserted by the Defendant Michael Jones are preempted by the exclusive jurisdiction of the Federal Courts over bankruptcy, and therefore Michael Jones cannot assert his state law claims for allegedly improper behavior during his bankruptcy proceedings," ECF No. 44 at 4–5, and "an order enjoining the Defendant Michael Jones from attempting to lift the stay in the case pending in Circuit Court for Baltimore County (Case No. C-03-cv-24-003198)," *id*. at 5–6.

The Supremacy Clause of the Constitution dictates that "the Laws of the United States" are "the supreme Law of the Land." U.S. Const. art. VI. "Practically speaking, this means that federal law preempts—or bars—claims under state law that either interfere with or are contrary to federal law." *Guthrie v. PHH Mortgage Corp*., 79 F.4th 328, 336 (4th Cir. 2023). "[A]ny analysis of preemption begins 'with the basic assumption that Congress did not intend to displace state law.'" *Id*. (quoting *S. Blasting Servs., Inc. v. Wilkes Cnty*., 288 F.3d 584, 589 (4th Cir. 2002)). "This assumption can be overcome in one of three ways": express preemption, field preemption and direct conflict preemption. *Id*. at 336–37.

Although Simms Showers does not specify which form of substantive preemption it contends applies (as opposed to the "complete preemption" jurisdictional doctrine), its argument sounds in field preemption. ECF No. 48-1 at 6 (arguing that the Bankruptcy Rules preempt Mr. Jones's claims because his "state law claims are preempted by federal law" in the "particular field," and citing *Koffman v. Osteoimplant Technology, Inc.*, 182 B.R. 115 (D. Md. 1995), a field preemption case).

A party arguing that Congress has occupied an entire field of law must show that "Congress, acting within its proper authority, has determined" that all "conduct in [that

field] . . . must be regulated by its exclusive governance." *Arizona v. United States*, 567 U.S. 387, 399 (2012). Field preemption applies only where Congress has "'legislated so comprehensively' in a particular field that it 'left no room for supplementary state legislation,'" *Kansas v. Garcia*, 589 U.S. 191, 208 (2020) (quoting *R.J. Reynolds Tobacco Co. v. Durham County*, 479 U.S. 130, 140 (1986)), or where "there is a 'federal interest . . . so dominant that the federal system will be assumed to preclude enforcement of state laws on the same subject." *Arizona*, 567 U.S. at 399 (citing *Rice v. Santa Fe Elevator Corp.*, 331 U.S. 218, 230 (1947)). "[B]ecause the States are independent sovereigns in our federal system," courts "have long presumed that Congress does not cavalierly pre-empt state-law causes of action." *Medtronic, Inc. v. Lohr*, 518 U.S. 470, 485 (1996). Thus, "[i]n all pre-emption cases," courts "'start with the assumption that the historic police powers of the States were not to be superseded by the Federal Act unless that was the clear and manifest purpose of Congress.'" *Id.* (quoting *Rice*, 331 U.S. at 230).

All of the claims Mr. Jones asserted against Simms Showers (ECF No. 32-6) are preempted and precluded by Rule 9011 of the Federal Rules of Bankruptcy Procedure and the Bankruptcy Court's inherent authority to regulate the conduct of attorneys litigating before it. As this Court previously explained, "the case constitutes an attack on Simms Showers's conduct in the adversary proceeding process itself." 2025 WL 2720186, at *8. As Mr. Jones himself put it in the first paragraph of his Circuit Court complaint, he was suing Simms Showers (along with Bluebell) "'for malicious prosecution, abuse of process, and intentional infliction of emotional distress'" based on "'the adversary proceeding (Adversary Proceeding No. 19-00074-DER) initiated by the Defendants during Plaintiff's Chapter 7 bankruptcy case (Bankruptcy Case No. 18-

25698-DER).'" *Id.* (quoting ECF No. 32-6 ¶ 1). "But there is a body of federal law that governs attorneys' conduct when they represent clients in bankruptcy proceedings . . . includ[ing] Rule 9011 of the Federal Rules of Bankruptcy Procedure." *Id.* at *9.

Just as Mr. Jones's claims "fall squarely within the complete preemptive effect of Rule 9011" and thus within federal subject matter jurisdiction, *id.*, the same concerns he asserted in the Circuit Court actions are "precisely what Rule 9011 was enacted not only to govern, but also to remedy." *Id.* "If Mr. Jones had wished to challenge Simms Showers's assertion of Bluebell's claims against him in the adversary proceeding, he could have done so, including asserting that they were presented for an 'improper purpose,' or were not 'warranted by existing law,' or contained 'allegations and factual contentions' that lacked 'evidentiary support.'" *Id.* (quoting Fed. R. Bankr. P. 9011(b)). "The state-law claims that he has asserted are precisely ones that Congress intended to 'displace' when it authorized the Supreme Court to promulgate the Bankruptcy Rules, and that were intended to be 'displaced' when Rule 9011 was promulgated." *Id.* (quoting *Skidmore v. Norfolk S. Ry. Co.*, 1 F.4th 206, 212–13 (4th Cir. 2021)).

Mr. Jones contends that Simms Showers's motion for summary judgment should be denied, or deferred pending discovery, because "[n]o Rule 26(f) conference has occurred, no initial disclosures have been exchanged, and the factual record is undeveloped," and deciding whether his asserted claims are preempted "requires factual answers to three foundational questions: When did the relevant conduct occur? Where did it occur, inside bankruptcy court or afterward? Was the adversary proceeding open or closed at the time of the alleged injury?" ECF No. 54-1 at 1, 3. He also re-asserts his prior arguments, which the Court previously rejected, that preemption does not apply at all. *See, e.g.*, ECF No. 53 at 4–6. But the Court need not adjudicate the merits of Mr.

6

Jones's claim that Simms Showers engaged in misconduct during its representation of Bluebell in the bankruptcy proceedings.

The question for field preemption purposes is whether Mr. Jones's state-law claims fall within an area in which "Congress, acting within its proper authority, has determined" that the relevant conduct—here, Simms Showers's representation of Bluebell in the Bankruptcy Court—"must be regulated by [the] exclusive governance" of federal law. *See Arizona*, 567 U.S. at 399. The conduct by Simms Showers that he asserts was tortious was entirely conduct by Simms Showers in representing Bluebell within the post-petition proceedings before the federal bankruptcy court. For the same reasons that Mr. Jones's claims are completely preempted jurisdictionally, 2025 WL 2720186, at *7–10, Simms Showers has established that the federal bankruptcy laws and rules preempt the field of state law regulation of attorney misconduct in bankruptcy proceedings, and thus bar the state law claims that Mr. Jones has asserted against Simms Showers related to the firm's representation of Bluebell in the Bankruptcy Court.

There is no dispute that the Federal Rules of Bankruptcy Procedure and the Federal Bankruptcy Code applied during those proceedings, and governed the parties' conduct in litigating that case. As Judge Smalkin explained in *Koffman v. Osteoimplant Technology, Inc.*, "by enacting the Bankruptcy Code, Congress has preempted some state activity on matters affecting bankruptcy." 182 B.R. at 123. Although "it cannot be said that Congress has completely preempted all state regulation" that "may affect the actions of parties in bankruptcy court," "[r]emedies and sanctions for *improper behavior and filings in bankruptcy court* . . . are matters on which the Bankruptcy Code is far from silent and on which uniform rules are particularly important." *Id*. at 124 (emphasis added). This Court agrees with Judge Smalkin that "[a]llowing state tort

actions based on allegedly bad faith bankruptcy fillings or violations of the automatic stay to go forward ultimately would have the effect of permitting state law standards to modify the incentive structure of the Bankruptcy Code and its remedial scheme." *Id.* at 125. "[A]llowing state law to impose different standards and incentives would impose 'an obstacle to the accomplishment and execution of the full objectives of Congress' in enacting the Bankruptcy Code, granting federal courts original and exclusive jurisdiction over core proceedings, and providing for uniform remedies." *Id.* at 126 (quoting *Louisiana Pub. Serv. Comm'n v. F.C.C.*, 476 U.S. 355, 369 (1986)).

Finally, Mr. Jones contends that the *Koffman* court, and this Court's ruling in denying the motion to dismiss, are erroneous because "*Guthrie v. PHH Mortgage Corp.* [79] F.4th [328] (4th Cir. 2023) . . . holds" that "[t]he Bankruptcy Code does not completely preempt state tort law," "[f]ederal remedies (contempt, Rule 9011) are not exclusive," and "[s]tate-law claims survive even if related to bankruptcy discharge." ECF No. 57 at 7. As an initial matter, Mr. Jones mis-cites that case; the Court presumes he intended to cite *Guthrie*, 79 F.4th 328. Simms Showers did not respond to Mr. Jones's reliance on *Guthrie.* In any event, *Guthrie* does not help Mr. Jones for several reasons, including that "Guthrie's claims [were] almost exclusively based on events which took place after the bankruptcy case was closed" and thus, unlike here, could not "detract from the ease or centrality with which the federal bankruptcy system operates." 79 F.4th at 339. Moreover, the defendant there "explicitly waived any argument about field preemption," and the majority indicated specifically that, unlike the partial dissenter, it was not considering field preemption. *Id.* at 337, 342 n.12.[1]

_____

[1] Simms Showers also argues that Mr. Jones is judicially estopped from contending that his state court claims arose from conduct outside the adversary proceeding. ECF No. 59

For these reasons, the claims Mr. Jones has asserted in state court against Simms Showers are preempted, and accordingly the Court will be granting Simms Showers' motion for summary judgment.

That leads to the question of remedy. A review of the docket in the state court case, which Mr. Jones filed after Simms Showers's suit in this Court, reflects that it remains stayed. *See Michael Jones vs. Simms Showers, LLP, et al.*, Case No. C-03-cv-24-003198 (Md. Cir. Ct). Simms Showers requests that this Court issue "a declaration that the Defendant's state law claims are preempted" and enjoin Mr. Jones "from moving to lift the stay" in the state case. ECF No. 48 at 2. Generally, federal courts are forbidden from enjoining ongoing proceedings in state court pursuant to the Anti-Injunction Act ("AIA"), 28 U.S.C. § 2283. Though Simms Showers does not directly request that this Court enjoin the Circuit Court for Baltimore County, the AIA "'also bar[s] the issuance of a declaratory judgment that would have the same effect as an injunction.'" *Denny's, Inc. v. Cake*, 364 F.3d 521, 528 n.8 (4th Cir. 2004) (citation omitted). Thus, this Court may only issue Simms Showers's requested relief if it falls into one of the three exceptions provided in the AIA: "A [federal court] may not grant an

---

at 2 ("Jones has previously represented in his Motion to Dismiss that any alleged misconduct on the part of the Plaintiff took place solely within the confines of the post-petition proceedings before the federal bankruptcy court. Now, in his recent filings opposing summary judgment, Jones claims that the state court claims arose from conduct aside from the adversary proceeding (or that he needs discovery to locate a factual basis for such claims). He cannot have it both ways. Jones sought judicial relief on the grounds that his claims arose from conduct occurring during the adversary proceeding. He is bound by that position and estopped from disavowing it."). The Court need not and does not reach Simms Showers's judicial estoppel argument, because regardless of estoppel the undisputed record establishes that the state-law claims he has asserted against Simms Showers are preempted.

injunction to stay proceedings in a State Court except [1] as expressly authorized by Act of Congress, or [2] where necessary in aid of its jurisdiction, or [3] to protect or effectuate its judgments." 28 U.S.C. § 2283; *see also Kay Co., LLC v. Equitable Prod. Co.*, 27 F.4th 252, 260 (4th Cir. 2022) ("[A] federal court may only [enjoin a state proceeding] when an exception to the Anti-Injunction Act applies.").

Simms Showers contends that an injunction here falls under the second exception, as it would be "necessary in aid of the Federal court's exclusive jurisdiction over bankruptcy matters." ECF No. 44 ¶ 26. The Court agrees. The "necessary in aid of its jurisdiction" exception is most closely associated with the situation in which "a federal court was the first in obtaining jurisdiction over a *res* in an *in rem* action and the same federal court seeks to enjoin suits in state courts involving the same *res*." *In re Am. Honda Motor Co., Inc., Dealerships Rels. Litig.*, 315 F.3d 417, 439 (4th Cir. 2003). Both the Supreme Court and the Fourth Circuit, however, have held that the exception has broader application than *in rem* cases only. *See Atlantic Coast Line R.R. Co. v. Brotherhood of Locomotive Eng'rs*, 398 U.S. 281, 295 (1970) (the second and third AIA exceptions "imply that some federal injunctive relief may be necessary to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case"); *Am. Honda Motor Co.*, 315 F.3d at 441 (holding that the district court did not err by using the second exception to enjoin a state case that would "threaten[] to frustrate the district court's ability to provide a universal interpretation" of a term in an MDL settlement agreement); *see also* 17A *Wright & Miller's Federal Practice & Procedure* § 4225 (3d ed. Apr. 2026) ("There are other cases that are not technically in rem but that seem

analogous to the custody of property cases and in which the second exception seems the soundest basis on which to allow an injunction.").

To be sure, the second AIA exception does not automatically authorize a federal court to enjoin a state court case (or to issue a declaratory judgment that has the same effect) based on a determination that the claims asserted in the state court case are preempted. "[W]hen a state proceeding presents a federal issue, even a pre-emption issue, the proper course is to seek resolution of that issue by the state court." *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 149–50 (1988); *see also Denny's*, 364 F.3d at 521 (finding that the AIA barred an injunction of a parallel state case that may have been preempted by ERISA); 17A *Wright & Miller* § 4225 ("Indeed it appears that this exception is not applicable even when the matter is one of which the federal courts have exclusive jurisdiction"). Here, however, the Court's holding that Mr. Jones's claims are preempted by exclusive federal jurisdiction is not the only consideration. The case also involves a web of lawsuits in international fora, bankruptcy court, and this Court. In similar circumstances, and especially where the litigation relates to bankruptcy issues, other courts have found that an injunction is permissible. *See Value Am., Inc. v. Kamena*, 265 B.R. 717, 720 (W.D. Va. 2001) (agreeing with "the explanation put forth by those courts which have found that a bankruptcy court may enjoin state court proceedings," specifically "that such authority is necessary in order to prevent the defeat or impairment of jurisdiction"); *In re Fundamental Long Term Care, Inc.*, 873 F.3d 1325, 1340 (11th Cir. 2017) (citing cases in which the federal court "invested a great deal of time and other resources" or faced "paradigmatically complex litigation" to justify allowing an injunction under the second AIA exception) (quotations omitted). The Court thus finds that it is appropriate to issue relief under the second exception to the AIA to

avoid "frustrat[ing]" its "ability" to resolve this complex, unwieldy case. *Am. Honda Motor Co.*, 315 F.3d at 441.

Accordingly, the Court will enter judgment in favor of Simms Showers and issue injunctive and declaratory relief. A separate order follows.


Date:  June 8, 2026                              _____/s/_____
                                                 Adam B. Abelson
                                                 United States District Judge